IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ricardo Fishbourne, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:20-cv-00122-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Colleton County Solicitor Office, and | ) | |
| Colleton County Sheriff Office, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Ricardo Fishbourne ("Plaintiff"), a state prisoner proceeding *pro se*, originally filed this action in the Colleton County, South Carolina Court of Common Pleas alleging the Defendants violated his constitutional rights under 42 U.S.C. § 1983. (ECF No. 1-1). On January 10, 2020, Defendants removed the action to this court. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this action without prejudice. (ECF No. 41). Plaintiff filed objections to the Report, (ECF No. 47), and this matter is now ripe for review.

**BACKGROUND**

According to his Complaint, Plaintiff was arrested, tried, and subsequently convicted of first-degree burglary and two counts of assault and battery with intent to kill in state court in Walterboro, South Carolina.[1] *See* (ECF No. 1-1 at 3). On December 6, 2019, Plaintiff filed this

---

[1] Plaintiff alleges his state court case number was 01-3387, (ECF No. 1-1 at 3); however, the court was unable to identify any criminal case in Colleton County, South Carolina with that number. Rather, it appears the case numbers for Plaintiff's three charges are G307254 (assault and batter with intent to kill), G307255 (same), and G307256 (first-degree burglary). *See State of South Carolina v. Ricardo Fishbourne*, G307254, Colleton County Public Index –

1

action in the Colleton County, South Carolina Court of Common Pleas and, on January 10, 2020, Defendants removed it to this court. (ECF Nos. 1, 1-1). Although the Complaint does not specify what legal claims Plaintiff seeks to raise, liberally construed, Plaintiff appears to allege the Defendants violated his due process rights by wrongfully withholding exculpatory evidence. *See* (ECF No. 1-1 at 3–6). For relief, Plaintiff seeks one million dollars in compensatory damages and asks the court to "admonish the Defendant to disclose the withheld case file in its entirety . . . to ensure that justice is not obstructed." *Id*. at 7.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th

---

Charges (filed June 14, 2001); *State of South Carolina v. Ricardo Fishburne*, G307255, Colleton County Public Index – Charges (filed June 14, 2001); *State of South Carolina v. Ricardo Fishburne*, G307256, Colleton County Public Index – Charges (filed June 14, 2001); *see also Philips v. Pitt Cty. Mem'l Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) (noting a court "may properly take judicial notice of matters of public record" when considering dismissal of an action); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'" (internal alterations and citations omitted)).

Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012) (noting that "almost verbatim restatements of the arguments made in previously ruled upon discovery motions" are not specific objections); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

In her Report, the magistrate judge recommends that the court dismiss Plaintiff's complaint because it is frivolous and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and additionally because Plaintiff failed to allege a cognizable claim against the Defendants. (ECF No. 41 at 3–5). Although Plaintiff filed objections to the Report, they all fail to specifically challenge any of the findings or conclusions in the Report. *See* (ECF No. 47). Rather, the objections are non-specific,

3

unrelated to the dispositive portions of the Report or even this case itself, or merely restate Plaintiff's claims. *See id*. In fact, most of Plaintiff's objections merely repeat allegations and arguments raised in his Complaint and Response in Opposition to Defendants' Motion to Dismiss. *See* (ECF Nos. 1-1, 13). However, restating arguments previously submitted to the court does not constitute a specific objection to the magistrate judge's Report. *See Frazier*, 2012 WL 5381201, at *1. Accordingly, Plaintiff's objections are without merit.

Moreover, even liberally construing the objections, the court is only able to glean that Plaintiff objects to the magistrate judge's recommendation that his motion alleging denial of access to courts (ECF No. 38) should be denied as simply an additional response to Defendants' motion to dismiss because it seeks no particular relief. *See* (ECF Nos. 41 at 5 n.2; 47 at 4). However, as the magistrate judge recognized, Plaintiff's motion alleging denial of access to the courts is nothing more than a restatement of the allegations in the Complaint and the arguments set forth in Plaintiff's opposition to the motion to dismiss. *See* (ECF No. 38). Therefore, this objection is also without merit and is overruled.

Therefore, having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court agrees with the magistrate judge's conclusion that Plaintiff's action is frivolous and barred by *Heck*. (ECF No. 41 at 5). Thus, the court finds no reason to deviate from the Report's recommended disposition. The court adopts the magistrate judge's Report, *id*., and incorporates it herein. Accordingly, this action is **DISMISSED** without prejudice, Defendants' motion to dismiss (ECF No. 7) and Plaintiff's motion to correct the identities of the defendants (ECF No. 14) are now **MOOT**, and Plaintiff's motion for access to courts (ECF No. 38) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

4

Anderson, South Carolina
April 7, 2020

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.